# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Coastal Credit Corp.

v.

Hyman Wholesale Corp. and
Donald E. Williams,
Commissioner, Department
of Motor Vehicles

May 11, 1993

Case No. (Chancery) CH92–2291

BY JUDGE A. BONWILL SHOCKLEY

On April 15 and 16, 1993, came the parties, by counsel, upon the Amended Bill of Complaint filed by the plaintiff, Coastal Credit Corporation, the Answers of the defendants, Hyman Wholesale Corporation and the Department of Motor Vehicles, the testimony and exhibits presented at trial, and it was argued by counsel. It appearing from the evidence, the court so finds as follows.

During January through April of 1991, James Allman trading as Allman Cars (herein called "Allman") was an independent retail used car dealer licensed by the Commonwealth of Virginia offering motor vehicles for sale to the public from his inventory.

Hyman Wholesale Corporation was an automobile dealer licensed by the Commonwealth of Virginia which entered into an agreement with Allman entitled "Independent Contractor and Floor Plan Agreement" (Ex. D-10, herein called "the Floorplan Agreement"). Pursuant to Ex. D-10, Hyman purchased motor vehicles and entrusted them to Allman, the Floorplan Agreement providing that Allman was "authorized to take possession of the Financed Vehicles for the sole purpose of storing and exhibiting same for resale in the ordinary course of business." (Ex. D-10, page 3, Section 1.7). Hyman held the titles to the floorplanned vehicles pursuant to a dealer assignment of title until such

time as Allman tendered payment to Hyman following Allman's sale of the vehicle.

Coastal Credit Corporation was a retail finance company which regularly financed the purchase of motor vehicles by consumers from independent automobile dealers such as Allman in the ordinary course of business pursuant to a Retail Installment Sales Contract between Allman and the purchaser which was assigned to Coastal on the closing date of the transaction.

Pursuant to Ex. D-10, Allman sold fifteen vehicles listed in Exhibit P-2 to consumers in the ordinary course of business during the period February 4 through April 16, 1991. Coastal financed the purchase of all fifteen vehicles by the purchasers.

On or about March 29, 1993, Hyman established a breach of the floorplan agreement. Thereafter, Hyman and Coastal determined that the fifteen vehicles listed in Exhibit P-2 had been sold to consumer purchasers and financed by Coastal.

Hyman submitted applications for title to the DMV and obtained titles to the fifteen vehicles from the DMV from April 26 through May 1, 1991. Coastal made demand upon Hyman to render the titles to the fifteen vehicles to Coastal or to the DMV, but Hyman refused to release the titles.

Thereafter, Coastal repossessed three of the fifteen vehicles (the Van Allen, Wood, and Moreno vehicles) but was unable to sell the repossessed vehicles due to the fact that it did not have a title showing its lien. The evidence established the following damages and costs incurred from the date of repossession of the three vehicles to the date of trial for the wrongful failure to release titles:

| Purchaser | Loss in Value | Storage Costs |
|-----------|---------------|---------------|
| Van Allen | $1,650.00 | $2,196.00 |
| Wood | 275.00 | 2,040.00 |
| | $1,925.00 | $4,236.00 |

The Court further finds that upon the sale of a motor vehicle from inventory in the ordinary course of business, a purchaser acquires all title which his transferor had or had power to transfer, as provided by the provisions of the Uniform Commercial Code as adopted by the Commonwealth of Virginia. Virginia Code § 8.2–403(1). Any entrusting of possession of goods to a merchant who deals in goods of that

kind gives him power to transfer all rights of the entruster to a buyer in the ordinary course. Virginia Code § 8.2–403(2). "Entrusting" includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery and regardless of whether the procurement of the entrusting or the possessor's disposition of goods have been such as to be larcenous under the criminal law. Virginia Code § 8.2-403(3). It makes no difference whether the "Entruster" retains title to the goods or retains a lien interest. *See* Official Comment # 2 to Virginia Code § 8.2–403; *see also* Virginia Code § 8.9–307(1) and *General Motors Acceptance Corporation v. Frank Meadow Leasing, Inc.*, 6 B.R. 910 (Bankr. W.D. Va. 1980).

It is accordingly adjudged, ordered, and decreed that judgment be entered in favor of Coastal Credit Corporation against Hyman Wholesale Corporation as follows: (1) Hyman is permanently enjoined and is hereby ordered to tender to the DMV the fifteen titles listed in Exhibit P-2; (2) Hyman has no ownership interest or lien interest in the fifteen vehicles, Hyman's interest having terminated when the vehicles were sold to purchasers in the ordinary course of business; at the time of each sale, Coastal acquired a first lien position as a result of funding the purchase of said vehicles; (3) Coastal shall have judgment against Hyman for damages in the amount of $6,161.00 plus interest from April 16, 1993, at the judgment rate, together with its costs expended in these proceedings.

The DMV having represented to the Court that it will abide by the ruling of the Court and will title the subject vehicles in accordance with the findings of this Court, with due regard to any subsequent transfers of title or liens created and Hyman having assigned the fifteen titles in blank and tendered the same to counsel for the DMV in open court, it is ordered that the DMV proceed to title the vehicles and to note the relevant liens in accordance with its procedures and regulations. This court makes no finding as to whether mandamus is an appropriate remedy in these circumstances, said issue being moot.

Coastal Credit having made application for an award of attorneys fees and having presented evidence thereof, it is ordered that Coastal shall be denied.